UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IRIS SEGARRA,

                Plaintiff,

- v. -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

20 Civ. 5801 (PGG) (DCF)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Iris Segarra seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security (the "Commissioner")[1] denying her application for Social Security Disability ("SSDI") benefits and Supplemental Security Income ("SSI") benefits on the grounds that she is not disabled. (Cmplt. (Dkt. No. 1)) On July 29, 2020, this Court referred the case to Magistrate Judge Debra C. Freeman. (See Order of Reference (Dkt. No. 8))

        On June 1, 2021, Plaintiff moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, for an order remanding this case for further administrative proceedings. (Dkt. No. 20) On July 28, 2021, the Commissioner cross-moved for judgment on the pleadings. (Dkt. No. 23) In a February 17, 2022 Report and Recommendation ("R&R"), Judge Freeman recommends that this Court grant Plaintiff's motion to the extent she seeks a

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of the Social Security Administration, and she is automatically substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

remand for further administrative proceedings, and that Defendant's cross-motion be denied. (R&R (Dkt. No. 26) at 37)[2]

For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

Plaintiff contends that she has been disabled since July 27, 2017, as a result of severe knee pain. (Admin. Record (Dkt. No. 17) at 126-32) On June 24, 2019, an Administrative Law Judge ("ALJ") denied Plaintiff's application for SSDI and SSI benefits. On May 28, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the 'final decision" of the Commissioner. Plaintiff commenced the instant action on July 27, 2020. (Cmplt. (Dkt. No. 1) ¶¶ 1, 7-9)

Plaintiff contends that this case should be remanded for further development of the record because the ALJ did not make efforts to obtain (1) a complete copy of a 2017 physician questionnaire, which – in the portion provided – states that Plaintiff should avoid lifting, carrying, and pushing/pulling; and (2) any treatment notes for the fall of 2017, shortly after the onset of her alleged disability. (See Pltf. Br. (Dkt. No. 21) at 5, 9; Pltf. Reply Br. (Dkt. No. 25) at 2)

The Commissioner counters that the ALJ applied the correct legal standard and that her decision is supported by substantial evidence. (See Def. Opp. (Dkt. No. 24) at 17-20) The Commissioner argues that the ALJ adequately developed the record because (1) she provided Plaintiff's counsel with additional time to obtain medical records; and (2) the evidence

---

[2] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

2

already in the record was sufficient to permit the ALJ to make a determination as to disability. (Id. at 20-24)

On February 17, 2022, Judge Freeman issued an R&R recommending that Plaintiff's motion for judgment on the pleadings be granted to the extent she seeks a remand for further administrative proceedings, and that Defendant's cross-motion for judgment on the pleadings be denied.  (R&R (Dkt. No. 26))

In concluding that the ALJ failed to adequately develop the record, Judge Freeman finds that the ALJ "made no effort to obtain [the complete copy of the 2017 physician questionnaire]," and "made [no] effort to determine who had filled out the questionnaire, and whether . . . any deference should be accorded to that provider's opinion."  (Id. at 29-30)  Judge Freeman also finds "that the Record contained no contemporary treatment notes, such that the ALJ could not have determined whether the opinions stated in the questionnaire were, or were not, supported by such treatment records."  (Id. at 30 (emphasis omitted))  Judge Freeman further concludes that the ALJ's "failure to request a completed functional assessment from a relevant treater also constitutes a failure of her duty to develop the record."  (Id. at 32)  Finally, Judge Freeman finds that the ALJ "should have sought clarification from [Dr. Cushner, the orthopedic surgeon who operated on Plaintiff's knee,] as to his overly vague, one-sentence assessment regarding Plaintiff's limited ability to lift weight, and sought a more complete functional assessment [from him]."  (Id. at 33)

Judge Freeman also concludes that the ALJ's failure to develop the record was not harmless:  "there were notable gaps in the medical record that the ALJ failed to take steps to fill, and the Court cannot and should not assume what the missing evidence would have shown – as to Plaintiff's ability to lift, carry, push, or pull, or as to any other work-related abilities."  (Id.

3

at 35)  Judge Freeman notes that, "even if the Record shows that Plaintiff's symptoms improved in the months following her February 2018 surgery, there was insufficient evidence in the Record to enable the ALJ to make a fair determination as to whether Plaintiff was disabled for at least 12 months following the claimed onset date of her disability in 2017."  (Id. at 36)

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where, as here, no objections have been filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, "a party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object."  DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." (citation omitted)).

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from [February 17, 2022] to file written objections [to this R&R]."  (R&R (Dkt. No. 26) at 38)  The R&R further states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id. (emphasis omitted))  Despite clear

4

warning that failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Freeman's R&R.

## DISCUSSION

Because neither side filed objections to Judge Freeman's R&R, the parties have waived judicial review. This Court has, however, reviewed Judge Freeman's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Freeman's R&R will be adopted in its entirety.

## CONCLUSION

The Magistrate Judge's R&R (Dkt. No. 26) is adopted in its entirety. Plaintiff's motion for judgment on the pleadings is granted to the extent she seeks a remand for further administrative proceedings, and Defendant's cross-motion for judgment on the pleadings is denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 20, 23), remand this case to the Commissioner of Social Security, and close this case.

Dated: New York, New York
       March 7, 2022

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

5